# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LAMONT GARRETT, *aka* "G",<br><br>    Defendant. | No. 05MJ82<br><br>**DETENTION ORDER** |

  This matter came on for detention hearing on May 3, 2005. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Lamont Garrett appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Task Force Officer Carl Ragar. Garrett offered the testimony of Tamara Mothershead.

  The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

  The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by the defendant. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Garrett has had numerous and repeated contacts with law enforcement dating back to 1988. He has evidenced a repeated inability to comply with conditions of release, and he has allegations of continuing criminal activities while he was on supervision or unsupervised probation from prior convictions. There is evidence on this record to indicate Garrett has used false identification on two occasions, and he is facing a State absconding charge. The evidence indicates that despite his ties to the Sioux City community, Garrett is a flight risk, and the court finds the Government has so proven by a preponderance of the evidence.

However, the court finds the Government has not proven by clear and convincing evidence that Garrett is a danger to the community. There are sufficient weaknesses in the Government's drug case against Garrett to prevent such a finding. Although the Government may prevail at trial, for purposes of the detention determination, the court finds the Government has failed to meet its burden to show by clear and convincing evidence that there are no conditions of release that would ensure the safety of the community if Garrett were released.

Having found Garrett is a flight risk the court orders as follows:

1.   Garrett is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.   The Attorney General shall afford Garrett reasonable opportunity for private consultation with counsel while detained.

3.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Garrett to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.   If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a)   Attach a copy of the release/detention order to the appeal;

   (b)   Promptly secure a transcript.

5.   There is *no automatic stay* of this Order. Therefore, Garrett must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 3rd day of May, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT